**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 6 2020
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. |
| JORDIN DAVIS (01)<br>ANDREW BERGER (02)<br>RUBEN BERGER (03) | 3-20CR0479-B |

## INDICTMENT

The United States Grand Jury charges:

At all times material to this indictment:

### Introduction

1. Title 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A) make it a crime for anyone to make a false or fictitious oral or written statement to a licensed firearms dealer in order to acquire a firearm. A statement is "false or fictitious" if it was untrue when made and was then known to be untrue by the person making it.

2. The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

3. Cash Plus Pawn located at 1618 North Highway 360, Grand Prairie, Texas, ("Cash Plus Grand Prairie") was a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, at all times specified in this Indictment.

Indictment – Page 1

4. A Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, must be completed by a prospective purchaser of a firearm to affect the sale of a firearm from a licensed firearms dealer. Section A requires the prospective purchaser to provide true, correct, and accurate information regarding the prospective purchaser, including the street address where he or she is currently residing. In addition, Question 11.a. requires the prospective purchaser to certify—under penalty of law—that he or she is "the actual transferee/buyer of the firearm(s) listed on this form," which is a fact material to the lawfulness of the firearm sale.

Indictment – Page 2

Count One
Conspiracy to Acquire a Firearm from a
Licensed Firearms Dealer by False or Fictitious Statement
(Violation of 18 U.S.C. § 371 (18 U.S.C. § 922(a)(6))

5.  Paragraphs 1 through 4 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

6.  Beginning on or about January 1, 2020 and continuing through on or about May 20, 2020, in the Dallas Division of the Northern District of Texas, **Jordin Davis**, **Andrew Berger** and **Ruben Berger**, the defendants, did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together and with other persons known and unknown to the Grand Jury, to commit a certain offense against the United States, to-wit: Acquiring a Firearm from a Licensed Firearms Dealer by a False or Fictitious Statement, in violation of 18 U.S.C. § 922(a)(6).

Objects of the Conspiracy

7.  It was part of the conspiracy that **Jordin Davis, Andrew Berger** and **Ruben Berger**, discussed and planned with each other and others the acquisition of firearm(s) from a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, by false or fictitious statements intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the firearm sale.

Manner and Means

8.  It was part of the conspiracy that **Jordin Davis, Andrew Berger** and **Ruben Berger** formulated a plan and agreement which, among other things, included:

    a.  the selection of licensed firearms dealers;

Indictment – Page 3

  b.  the selection of the type of firearms to be purchased;

  c.  the acquisition of a firearms from a licensed firearms dealer;

  d.  the use of false and fictitious oral and written statements intended to deceive the firearms dealer with respect to any fact material to the lawfulness of the firearm sale;

  e.  falsely answering "Yes" to Question 11.a. on Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, in that the purchaser attests—under penalty of law—that he or she is "the actual transferee/buyer of the firearm(s) listed on this form," which is a fact material to the lawfulness of a firearm sale; and

  f.  the subsequent transfer of the firearm to another.

### Overt Acts in Furtherance of the Conspiracy

  9.  The following overt acts were committed by the coconspirators in furtherance of the conspiracy:

  a.  On or about January 2, 2020, defendant **Jordin Davis** purchased a Taurus PT1911, 45ACP, bearing serial number NAT47876 from Cash Plus Pawn Grand Prairie. In connection with her purchase of the firearm, Davis falsely answered "Yes" to Question 11.a. on the ATF Form 4473 in that **Jordin Davis** attested—under penalty of law—that she was "the actual transferee/buyer of the firearm(s)" listed—a fact material to the lawfulness of a firearm sale—while knowing that this statement was false. Davis also certified that her current residence was 6616 Mona Lisa Avenue, Watauga, Texas, a statement that she knew to be false.

  b.  On or about January 2, 2020, after purchasing the Taurus PT1911, 45ACP from Cash Pawn Plus Grand Prairie **Jordin Davis** provided this firearm to **Andrew Berger**.

Indictment – Page 4

c.  On or about January 19, 2020, defendant **Ruben Burger** purchased a Taurus 9 millimeter pistol, bearing serial number TMW30115 from Cash Plus Pawn Grand Prairie.  In connection with his purchase of the firearm, **Ruben Berger** falsely answered "Yes" to Question 11.a. on the ATF Form 4473 in that **Ruben Berger** attested—under penalty of law—that he was "the actual transferee/buyer of the firearm(s)" listed—a fact material to the lawfulness of a firearm sale—while knowing that this statement was false.

d.  On or about January 19, 2020, defendant **Ruben Berger** provided the Taurus 9 millimeter pistol, bearing serial number TMW30115 to defendant **Andrew Berger**.  The Taurus 9 millimeter pistol was recovered by law enforcement in the possession of an individual other than **Ruben Berger** on January 30, 2020, 11 days after it was purchased.

e.  On or about February 1, 2020, defendant **Jordin Davis** purchased a Taurus 9 millimeter pistol, bearing serial number TMR20182 from Cash Plus Pawn Grand Prairie.  In connection with her purchase of the firearm, Davis falsely answered "Yes" to Question 11.a. on the ATF Form 4473 in that Jordin Davis attested—under penalty of law—that she was "the actual transferee/buyer of the firearm(s)" listed—a fact material to the lawfulness of a firearm sale—while knowing that this statement was false.  Davis also certified that her current residence was 6616 Mona Lisa Avenue, Watauga, Texas, a statement that she knew to be false.

f.  On or about February 1, 2020, after purchasing the Taurus 9 millimeter pistol, bearing serial number TMR20182 from Cash Pawn Plus Grand Prairie **Jordin**

**Davis** provided this firearm to **Andrew Berger**. The Taurus 9 millimeter pistol was recovered by law enforcement in the possession of an individual other than **Jordin Davis** on March 26, 2020, 54 days after it was purchased.

All in violation of 18 U.S.C. § 371 (18 U.S.C. § 922(a)(6)).

<u>Count Two</u>
Acquiring a Firearm from a Licensed Firearm Dealer
by False or Fictitious Statement; Aiding and Abetting
(Violation of 18 U.S.C. § 922(a)(6) and 2)

10. Paragraphs 1 through 4 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

11. On or about January 2, 2020, in the Dallas Division of the Northern District of Texas, defendant **Jordin Davis**, in connection with the acquisition of a firearm, to-wit: a Taurus PT1911, 45ACP, bearing serial number NAT47876 from Cash Plus Pawn Grand Prairie, a licensed dealer of firearms within the meaning of Chapter 44, Title 18 United States Code, knowingly made a false and fictitious written statement to Cash Plus Pawn Grand Prairie, which statement was intended and likely to deceive the Cash Plus Pawn Grand Prairie as to a fact material to the lawfulness of such sale of said firearm to **Jordin Davis** under Chapter 44 of Title 18, in that **Jordin Davis** did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, to the effect that she was the actual transferee/buyer of the firearm, when in fact, as **Jordin Davis** then knew, she was not the actual transferee/buyer of this firearm.

In violation of 18 U.S.C. §§ 922(a)(6) and 2, the penalty for which is found at 18 U.S.C. § 924(a)(2).

<u>Count Three</u>
False Statement with Respect to Information Required to be
Kept in Records of a Licensed Firearms Dealer; Aiding and Abetting
(Violation of 18 U.S.C. § 924(a)(1)(A) and 2)

12. Paragraphs 1 through 4 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

13. On or about January 2, 2020, in the Dallas Division of the Northern District of Texas, defendant **Jordin Davis** made a false statement and representation to Cash Plus Pawn Grand Prairie, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cash Plus Pawn Grand Prairie, in that **Jordin Davis** did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, to the effect that she was the actual transferee/buyer of a Taurus PT1911, 45ACP, bearing serial number NAT47876, whereas in truth and in fact, she was not the actual transferee/buyer of this firearm.

In violation of 18 U.S.C. § 924(a)(1)(A) and 2.

<u>Count Four</u>
Acquiring a Firearm from a Licensed Firearm Dealer
by False or Fictitious Statement; Aiding and Abetting
(Violation of 18 U.S.C. § 922(a)(6) and 2)

14. Paragraphs 1 through 4 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. On or about January 19, 2020, in the Dallas Division of the Northern District of Texas, defendant **Ruben Berger**, in connection with the acquisition of a firearm, to-wit: a Taurus 9 millimeter pistol, bearing serial number TMW30115 from Cash Plus Pawn Grand Prairie, a licensed dealer of firearms within the meaning of Chapter 44, Title 18 United States Code, knowingly made a false and fictitious written statement to Cash Plus Pawn Grand Prairie, which statement was intended and likely to deceive the Cash Plus Pawn Grand Prairie as to a fact material to the lawfulness of such sale of said firearm to Jordin Davis under Chapter 44 of Title 18, in that **Ruben Berger** did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of the firearm, when in fact, as **Ruben Berger** then knew, he was not the actual transferee/buyer of this firearm.

In violation of 18 U.S.C. §§ 922(a)(6) and 2, the penalty for which is found at 18 U.S.C. § 924(a)(2).

<u>Count Five</u>
False Statement with Respect to Information Required to be
Kept in Records of a Licensed Firearms Dealer; Aiding and Abetting
(Violation of 18 U.S.C. § 924(a)(1)(A) and 2)

16. Paragraphs 1 through 4 of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

17. On or about January 19, 2020, in the Dallas Division of the Northern District of Texas, defendant **Ruben Berger** made a false statement and representation to Cash Plus Pawn Grand Prairie, a federally licensed firearms dealer under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Cash Plus Pawn Grand Prairie, in that **Ruben Berger** did execute a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473, Firearms Transaction Record, to the effect that he was the actual transferee/buyer of a Taurus 9 millimeter pistol, bearing serial number TMW30115, whereas in truth and in fact, he was not the actual transferee/buyer of this firearm.

In violation of 18 U.S.C. § 924(a)(1)(A) and 2.

<u>Forfeiture Notice</u>
(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction for violating 18 U.S.C. § 922(a)(6) and/or 18 U.S.C. § 924(a)(1)(A), the defendants, **Jordin Davis**, **Andrew Berger** and **Ruben Berger**, shall forfeit to the United States of America any firearm, magazine, and ammunition involved or used in the offense, including, but not limited to, the following:

(1)   a Taurus PT1911, 45ACP, bearing serial number NAT47876; and

(2)   a Taurus 9 millimeter pistol, bearing serial number TMW30115.

A TRUE BILL

_____
FOREPERSON

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
LINDSEY BERAN
Assistant United States Attorney
Texas Bar No. 24051767
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile: 214.659.8805
Email: lindsey.beran@usdoj.gov

Indictment – Page 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

THE UNITED STATES OF AMERICA

v.

JORDIN DAVIS (01)
ANDREW BERGER (02)
RUBEN BERGER (03)

INDICTMENT

(Violation of 18 U.S.C. § 371 (18 U.S.C. § 922(a)(6))
Conspiracy to Acquire a Firearm from a
Licensed Firearms Dealer by False or Fictitious Statement
(Counts 1)

(Violation of 18 U.S.C. § 922(a)(6) and 2)
Acquiring a Firearm from a Licensed Firearm Dealer
by False or Fictitious Statement; Aiding and Abetting
(Counts 2 and 4)

(Violation of 18 U.S.C. § 924(a)(1)(A) and 2)
False Statement with Respect to Information Required to be
Kept in Records of a Licensed Firearms Dealer; Aiding and Abetting
(Counts 3 and 5)

(18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c))
Forfeiture Notice

A true bill rendered

DALLAS                                                                                           FOREPERSON

Filed in open court this 6th day of January, 2020.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending